Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6608 | **DATE** | October 26, 2011 |
| **CASE TITLE** | Juan Rivera (#2011-0710152) v. City of Chicago, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff has submitted an amended complaint. On review pursuant to 28 U.S.C. 1915(e)(2)(B), the Court finds that Plaintiff has adequately stated a cause of action. The Clerk is directed to issue summons for service on Defendant Garry McCarthy, and the United States Marshals Service is appointed to serve him. The Clerk is further directed to send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. Plaintiff's motion for appointment of counsel [#4] is denied.

■[For further details see text below.]                                          Docketing to mail notices.

## STATEMENT

Plaintiff, currently a pre-trial detainee in custody at the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that officers of the Chicago Police Department violated Plaintiff's constitutional rights by subjecting him to false arrest and violating his right to equal protection. More specifically, Plaintiff alleges that on July 9, 2011, he was driving west on Harrison Street in Chicago and was pulled over by Chicago Police Officers without probable cause. He alleges he was taken into an alley and was strip searched, and placed under custodial arrest. He further alleges that when he was taken to the police station he was ticketed for failing to wear a seatbelt (although he pleads that he was wearing his seatbelt when he was pulled over) and that an officer told him that as an Hispanic man traveling with a white man, he stuck out like a sore thumb in an all black neighborhood. *See* Plaintiff's complaint, p. 7. Plaintiff names Chicago Police Superintendent Garry McCarthy, apparently in his supervisory capacity, as ordered by the Court in its order of September 30, 2011, because he is unable to identify the actual Defendant police officers.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Here, accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendants for false arrest. *Brooks v. City of Chicago*, 564 F.3d 830, 832 (7th Cir. 2009).

Plaintiff has named Defendant McCarthy solely for the purpose of discovering the identities of the police officers who conducted the alleged illegal arrest. Plaintiff is advised to conduct discovery as soon as possible to obtain the names of the officers in question as the statute of limitations for Section 1983 actions filed in Illinois is two years. See 735 ILCS § 5/13-202; *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001), *citing Ashafa v. City of Chicago*, 146 F.3d 459, 462 (7th Cir. 1998).

The Clerk shall issue summons for service of the complaint on Defendant McCarthy (hereinafter, "Defendant"). The Clerk shall also send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.
**(CONTINUED)**

AWL

## STATEMENT (continued)

The United States Marshals Service is appointed to serve Defendant. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendant. With respect to any former employee who can no longer be found at the work address provided by Plaintiff, the Chicago Police Department shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendant in the manner prescribed by FED. R. CIV. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any Court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on behalf of Defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Finally, Plaintiff's motion for appointment of counsel is denied. Civil litigants do not have a constitutional or statutory right to counsel. *See Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *citing* 28 U.S.C. § 1915(e)(1); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the Court must consider: (1) whether, given the degree of difficulty of the case, a plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the outcome of the case. *Gil*, 381 F.3d at 656, *relying on Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

After considering the above factors, the Court concludes that appointment of counsel is not warranted in this case. Although Plaintiff has articulated colorable claims, he has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Neither the legal issues raised in the complaint nor the evidence that might support Plaintiff's claims are so complex or intricate that a trained attorney is necessary.

As Plaintiff appears more than capable of presenting his case, the Court declines to appoint counsel for Plaintiff at this time. It should additionally be noted that the Court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, Plaintiff's motion for appointment of counsel is denied at this time. Should the case proceed to a point that assistance of counsel is appropriate, the Court may revisit this request.

FILED
2011 OCT 27 AM
CLERK
U.S. DISTRICT COURT